# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL SCOTT PACK,** | )<br>) |
| Plaintiff, | ) Case No. 7:14CV00054<br>) |
| v. | ) **OPINION**<br>) |
| **NEW RIVER VALLEY REGIONAL JAIL,** | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*Michael Scott Pack, Pro Se Plaintiff.*

Plaintiff Michael Scott Pack, proceeding pro se, submitted this civil rights action under 42 U.S.C. § 1983. The court filed the action on condition that Pack consent to payment of the filing fee and demonstrate exhaustion of administrative remedies. Upon review of the record, I find that while Pack has fulfilled these prefiling conditions, his lawsuit must be summarily dismissed without prejudice because his claim for relief is now moot.[1]

Pack filed this lawsuit against the New River Valley Regional Jail, alleging that unspecified jail officials had failed to provide him with access to adequate mental health care. Pack sought injunctive relief directing that he receive mental health care or that he be transferred to a prison facility operated by the Virginia

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A (a), (b)(1).

Department of Corrections ("VDOC"). On February 28, 2014, the court received notice from Pack that he had been transferred to Bland Correctional Center, a prison facility operated by the VDOC.

The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a claim no longer presents a viable legal issue to resolve, the claim becomes moot. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the court unable to grant a party the relief requested, the claims must be dismissed as moot. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). The transfer or release of a prisoner generally renders moot any claims for injunctive or declaratory relief relating to the former place of confinement. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

Pack has received one of the forms of relief he requested — transfer to a VDOC facility. His transfer, however, also moots Pack's request for mental health care at the jail. Since jail officials no longer have custody over Pack, they no longer have any responsibility or authority to provide him with necessary mental health treatment, and the court cannot direct them to provide such care.

Accordingly, I find that that Pack's lawsuit must be summarily dismissed without prejudice as moot.[2]

A separate Final Order will be entered herewith.

DATED: March 3, 2014

/s/ James P. Jones
United States District Judge

---

[2] I also note that Pack could not prevail in his § 1983 claim against the jail as the only defendant he names in the complaint. A local jail is not a "person" subject to suit under § 1983. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992).